IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARVIN GREEN, #432484, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-01312 |
| | ) | |
| TAMMY FORD, Warden, | ) | Judge Campbell |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Marvin Green's *pro se* petition for the writ of habeas corpus (ECF No. 1), as amended (ECF No. 5). Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court must conduct a preliminary review of the petition and dismiss it prior to service on the respondent "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* Having conducted this examination, the Court finds, as explained herein, that the petition fails to state a colorable claim for habeas corpus relief.[1]

The petitioner alleges that (1) he was denied access to education and programs for 30 days, from September 18 to October 19, 2015, while the prison was on lockdown status, which resulted in his sentence being "extended," presumably because he was unable to earn sentence credits associated with various prison programs during the lockdown; (2) the warden allowed some inmate workers to get credits during the lockdown but denied this opportunity to others, resulting in disparate treatment; (3) during the lockdown, the petitioner was denied access to grievance forms and the right to submit grievances; and (4) the grievance chairperson refused to process grievances during the lockdown. (ECF No. 1.) The petitioner seeks relief in the form of an order requiring TDOC to accord him the sentence-reduction credits that he was unable to accrue during the lockdown. He also demands equal treatment among prisoners and backpay for the job he was not able to perform during the lockdown. (*Id.* at 15.) In the amendment to the petition, he further alleges that "TDOC Liaison, Casagrande are [sic] constantly allowing CCA employees to place general population

---

[1] The petition could conceivably be construed as brought under 28 U.S.C. § 2241, rather than § 2254, because the petitioner challenges the execution rather than the imposition of his sentence. However, the Sixth Circuit has recognized that "§ 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences." *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006).

on lockdown without notice and due process." (ECF No. 5, at 1.) The facility where the prisoner is confined instituted another lockdown on December 9, 2015, but the prison staff did not explain why. The petitioner complains that the lockdown means that he and the other inmates are denied access to educational and other programs, except that inmates working in administrative areas are allowed to continue working and to receive education and program credits.

Courts may not grant a habeas corpus petition brought by a prisoner in state custody unless (1) the petitioner shows that he is in custody in violation of federal law or the United States Constitution and (2) he has exhausted all remedies available in the state courts. 28 U.S.C. § 2254(a) & (b). In this case, the habeas corpus petition does not include any allegations about exhaustion, nor does the petitioner allege the absence of any available state corrective process. It therefore appears that the petition would be subject to dismissal for failure to exhaust. The Court does not dismiss on that basis, however, nor will the Court require the petitioner to show cause why the petition should not be dismissed for failure to exhaust.

Rather, the Court finds that the petitioner's allegations, even if presumed to be true, fail to state a claim for relief under § 2254. His complaints about the grievance procedure and disparate treatment potentially implicate the petitioner's rights under the Due Process and Equal Protection Clauses of the United States Constitution, but relief in the petitioner's favor on these claims would not affect the "fact or duration of his continued confinement." *Dotson v. Wilkinson*, 328 F.3d 463, 466 (6th Cir. 2003) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). These are conditions-of-confinement claims that must instead be brought under 42 U.S.C. § 1983. *Id.*

The petitioner's claim that he has been deprived of sentence credits as a result of the lockdowns is also not cognizable on habeas review, because relief in his favor would not inevitably affect the length of his sentence. Addressing a similar situation, the Seventh Circuit explained as follows:

> In order to bring a habeas corpus action, a prisoner must be "in custody" pursuant to the conviction or sentence being challenged. Although [habeas corpus] is the appropriate vehicle when prison officials have revoked good-time credits once earned . . . , [the petitioner] is not complaining that any benefit already conferred has been taken away. [The petitioner] argues that his ability to earn discretionary credits in the *future* was hurt . . . , and we have held that [a civil action under § 1983] must be used where a claim, if decided favorably to the prisoner, at best might accelerate the accrual of good time and hasten the prisoner's release.

*Hadley v. Holmes*, 341 F.3d 661, 664–65 (7th Cir. 2003) (internal citations omitted). Similarly, in *Brown v.*

*Hobart*, No. 05-C-358-C, 2005 U.S. Dist. LEXIS 15069 (W.D. Wis. July 22, 2005), the petitioner alleged that prison officials had discriminated against him by placing him on lockdown and that he could not earn good-time credits while on lockdown. The court observed: "[The petitioner] does not allege that because of his placement in lockdown he was deprived of good time credits he has already earned. He wants this court to find that if he had not been placed in lockdown, he would have been entitled to earn good time credits. His claim is proper in a civil action. It cannot be brought in a habeas corpus action." *Id.* at *3 (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571--72 (7th Cir. 2000); *Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1995) (denying opportunity to earn good time does not inevitably affect duration of sentence)).

The petitioner here likewise does not allege that credits already accrued have been taken away.[2] Rather, he claims he was deprived of the opportunity to earn credits during relatively brief periods of time while the prison was locked down. The denial of the opportunity to earn credits during those periods does not inevitably affect the duration of the petitioner's sentence. He therefore fails to state a claim for relief that is available under the habeas corpus statutes based on the denial of access to prison programs during lockdowns.

Accordingly, the petition will be dismissed without prejudice to the petitioner's ability to bring his claims under 42 U.S.C. § 1983.[3] An appropriate order is filed herewith.

_____
TODD CAMPBELL
United States District Judge

---

[2] A claim based on the deprivation, without due process, of credits already earned, would fall "within the core of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 587 (1973).

[3] The Court does not imply that the petitioner is necessarily entitled to relief under § 1983. Moreover, the Court is aware that the petitioner has three strikes under 28 U.S.C. § 1915(g) and is barred from bringing a civil action *in forma pauperis* unless he plausibly alleges that he is under imminent danger of serious physical injury.